1  JONATHAN SHUB (SBN 237708)
   SHELLER, LUDWIG & BADEY
2  1528 Walnut Street, 3rd Floor
   Philadelphia, PA 19102
3  Tel: (215) 790-7300
   Fax: (215) 546-0942
4
   IRA P. ROTHKEN (SBN 160029)
5  ROTHKEN LAW FIRM
   1050 Northgate Drive
6  Suite 520
   San Rafael, CA 94903
7  Tele: (415) 924-4250
   Facsimile: (415) 924-2905
8
   RALPH M. STONE (pro hac vice)
9  SHALOV STONE & BONNER LLP
   485 Seventh Ave
10 New York, NY 10018
   Tele: (212) 239-4240
11 Fascimile: (212) 239-4310

12 STAN MALLISON (SBN 184191)
   LAW OFFICES OF MALLISON &
13 MARTINEZ
   1004 Brown Ave
14 Lafayette, CA 94549
   Tele: (925) 283-3842
15 Facsimile: (925) 283-3426

16 *Co-Lead Counsel*

17

18                  **UNITED STATES DISTRICT COURT**

19                  **NORTHERN DISTRICT OF CALIFORNIA**

20                           **(SAN JOSE DIVISION)**

21                                                *E-FILED - 1/25/06*

22 In re: PALM TREO 600 and 650       )
   LITIGATION                          )
                                       )
23 _____
                                       )
                                       )
24 This Document Relates To:           )
                                       )
25      All Actions                    )
                                       )
26 _____

27

28  **PRETRIAL ORDER NO. 1**
    **Master File No.** C-05-03774-RMW

**MASTER FILE NO.** C-05-03774-RMW

**PRETRIAL ORDER NO. 1**

### ORDER

The parties to this consolidated proceeding have conferred and submit this stipulated case management proposal including the organization of plaintiffs' counsel.  This Order shall govern the pre-trial proceedings and trial of these consolidated actions and all subsequent related actions, which are added-on, transferred or otherwise consolidated as part of this consolidated proceeding.

**I.      CONSOLIDATION OF RELATED ACTIONS**

1.      These actions and any actions filed in or transferred in or transferred to this District which arise from facts similar to those in the present action are hereby consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  This consolidation is for all pretrial proceedings and trial, and applies to all of the following cases:

      a.      *Gans v. PALMONE*, Civil Action No. 05-cv-03774-RMW, filed in the Northern District of California;

      b.      *Berliner v. Palm, Inc*, Civil Action No. 05-cv-03854-RMW, filed in the Northern District of California;

      c.      *Geisen v. Palm, Inc.*, *aka PALMONE, INC.*, Civil Action No. 05-cv-04120-RMW, filed in the Northern District of California; and

      d.      *Moya v. Palm, Inc.,* Civil Action No. 05-cv-03926-RMW, filed in the Northern District of California;

      e.      *Loew v. Palm, Inc. aka PALMONE, INC.*, Civil Action No. 05-cv-03980-RMW, filed in the Northern District of California;

      f.      *Palza v. Palm, Inc.*, Civil Action No. 05-CV-04408-RMW, removed to the Northern District of California.

2.      The clerk shall establish and maintain a Master Docket and Master File for this

1

proceeding under the caption "*In re Palm Treo 600 and 650 Litigation*," Master File No. C-05-03774 All orders, pleadings, motions and other documents, when filed and docketed in the Master File, will be deemed filed and docketed in each individual case.

3. Henceforth, every pleading or other such document in this consolidated proceeding, which ordinarily contains a pleading caption, shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN JOSE DIVISION)**

| | |
|---|---|
| In re: PALM TREO 600 and 650 LITIGATION ) ) ) | MASTER FILE NO. C-05-03774-RMW |
| ) | **PRETRIAL ORDER NO. 1** |
| ) ) This Document Relates To: ) ) All Actions ) ) | |

4. When a pleading or other captioned document is intended to be applicable to all actions which are part of these proceedings, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set forth above. When a pleading or other captioned document is intended to be applicable only to some, but not all, of such actions, the last name of the first-named plaintiff in said action and that case's individual action number shall appear immediately after the words "This Document Relates To:" in the caption set forth above.

**II.  ORGANIZATION OF PLAINTIFFS' COUNSEL**

5. The organizational structure of plaintiffs' counsel established by this Order shall bind plaintiffs' counsel in the Consolidated Actions, including any action subsequently governed by this Order.

6. The Court appoints the following individuals to act on behalf of plaintiffs in the Consolidated Actions, including any plaintiffs subsequently governed by this Order, with the responsibilities hereinafter prescribed.

 a. As Co-Lead Counsel:

  (1) Jonathan Shub of Sheller, Ludwig & Badey, P.C.;

  (2) Ira Rothken of the Rothken Law Firm;

  (3) Ralph Stone of Shalov Stone & Bonner, LLP; and

  (4) Stan Mallison of Mallison & Martinez.

 b. As members of the Executive Committee:

  (1) Mark Tamblyn of Kershaw Cutter & Ratinoff LLP;

  (2) Michael Goldberg of Glancy, Binkow & Goldberg;

  (3) Seth Lesser of the Locks Law Firm;

  (4) Paul Weiss of Freed & Weiss LLP:;

  (5) Brad Lakin of the Lakin Law Firm;

  (6) Robert Green of Green Welling LLP.

  (7) Ronen Sarraf of Sarraf Gentile LLP

  (8) . Edward Wallace of The Wexler Firm LLP

 c. As Co-Chairs of the Executive Committee:

  Michael Goldberg and Mark Tamblyn.

7. <u>Co-Lead Counsel</u>. Co-Lead Counsel shall have day-to-day responsibility for the conduct of the consolidated litigation; shall determine how to prosecute the case and shall initiate, coordinate and supervise the efforts of plaintiffs' counsel in the consolidated action in

**PRETRIAL ORDER NO. 1**
**Master File No.** C-05-03774-RMW

1  the areas of discovery, briefing, trial and settlement.  Co-Lead Counsel shall also be deemed to
2  be members of the Executive Committee.

3         8.     Co-Lead Counsel shall designate responsibilities for specific tasks to plaintiffs'
4  counsel in the consolidated cases in a manner to assure that pretrial preparation is conducted
5  effectively, efficiently and economically; shall assist the Executive Committee and its co-chairs
6  in maintaining communication among counsel; and shall monitor the activities of plaintiffs'
7  counsel to assure that schedules are met and unnecessary expenditures of time and money are
8  avoided.  Co-Lead Counsel shall maintain the official service list of all plaintiffs and plaintiffs'
9  counsel in the Consolidated Actions, including their addresses.  Co-Lead Counsel shall perform
10 whatever any additional functions that may be assigned to them by the Court.  Agreements
11 reached between defendant and Co-Lead Counsel are binding on all plaintiffs and their counsel.
12 No discovery shall be served, and no motion shall be filed, by any plaintiff's counsel without the
13 consent of Co-Lead Counsel, unless leave of Court is obtained.

14        9.     <u>Executive Committee</u>.  To the extent delegated by Co-Lead Counsel, members of
15 the Executive Committee and its Chair shall execute the orders of the Court concerning the
16 conduct of the litigation; formulate and draft material for plaintiffs in the Consolidated Actions,
17 including interrogatories, document requests, pleadings, briefs and motion papers; and perform
18 such other tasks as are delegated by Co-Lead Counsel, including, for example, the taking of
19 depositions upon oral examination.  Co-Lead Counsel and the Executive Committee members
20 may organize whatever subordinate bodies or subcommittees they deem expedient, such as
21 discovery committees and briefing committees.

22       10.    <u>Co-Chair of the Executive Committee</u>.  The Co-Chairs of the Executive
23 Committee shall be responsible for overseeing the work of that Committee, and coordinating the
24 assignments established by the Co-Leads.  At the Co-Leads invitation, the Co-Chairs may
25 participate in the conferences and planning meetings conducted by Co-Leads.

26       11.    Service of all papers filed with the Court shall be accomplished by e-filing, and
27
28

no other type of service shall be required.  Service of all papers that are not filed with the Court shall be accomplished by plaintiffs serving defendant's counsel, and by defendant serving Co-Lead Counsel for plaintiffs, as applicable, by either:  (i) overnight mail service; (ii) telecopier or (iii) hand delivery.  Whenever feasible, the serving party shall send courtesy copies simultaneously via e-mail in PDF format, to defendant's counsel or to Co-Lead Counsel for Plaintiffs, as applicable.

### III.   APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

12.   This Pretrial Order No. 1 shall apply to each related case subsequently added-on or transferred to this consolidated proceeding.  When an action is added-on as part of these proceedings, plaintiffs' Liaison Counsel shall serve a file-endorsed copy of this Pretrial Order No. 1 to the attorneys for the plaintiff(s) in the add-on case, and direct that this Pretrial Order No. 1 be served upon any new defendant(s) in the add-on case, or their counsel.  A new party objecting to the application of any provision of this Order must file a request for relief from this Order within ten (10) days of service of this Order upon that party.

### IV.   CONSOLIDATED AMENDED COMPLAINT

13.   A Consolidated Amended Complaint shall be filed and served on or before January 31, 2006.  The Consolidated Amended Complaint shall supersede each of the six listed complaints, set forth in paragraph 1, above, and unless further amended, with leave of court, shall be the operative complaint in this proceeding.  Defendant's responsive pleading shall be electronically filed on or before 4:00 pm on March 2, 2006.  All prior dates, deadlines and hearings shall be vacated upon entry of this Order.  If defendant decides to file anything other than an answer to the Consolidated Amended Complaint, then defendant shall inform plaintiff at least five Court days prior to filing such responsive pleading of the nature and basis of such motion, and the parties will meet and confer, and consult the Court, on a briefing schedule and hearing date thereon.

### V.   RULE 26 INITIAL DISCLOSURES

PRETRIAL ORDER NO. 1
Master File No. C-05-03774-RMW

14. The parties will meet and confer on or before February 16, 2006, per Federal Rule of Civil Procedure, Rule 26(f). The parties will exchange their Rule 26 Initial Disclosures fourteen days after the Rule 26(f) conference, on March 2, 2006. Discovery will commence in accordance with the Federal Rules of Civil Procedure.

**VII. CASE MANAGEMENT CONFERENCE**

15. A Case Management Conference will be held on March 3, 2006 at 10:30 a.m.

**VIII. MODIFICATION OF THIS ORDER**

16. This order may be modified or supplemented by the Court or on motion by any party for good cause shown.

I, Ira P. Rothken, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: January 18, 2006                IRA P. ROTHKEN
                                        ROTHKEN LAW FIRM


                                        By:  /s/ Ira P. Rothken
                                             Ira P. Rothken
                                             Attorneys for Plaintiffs

Dated: January 18, 2006                JONATHAN SHUB
                                        SHELLER, LUDWIG & BADEY, P.C.


                                        By:  /s/ Jonathan Shub
                                             Jonathan Shub
                                             Attorneys for Plaintiffs

Dated: January 18, 2006                RALPH STONE
                                        SHALOV STONE & BONNER, LLP


                                        By:  /s/ Ralph Stone
                                             Ralph Stone
                                             Attorneys for Plaintiffs

**PRETRIAL ORDER NO. 1**
Master File No.  C-05-03774-RMW

| | |
|---|---|
| Dated: January 18, 2006 | STAN MALLISON<br>THE LAW OFFICES OF MALLISON &<br>MARTINEZ |
| | By: /s/ Stan Mallison<br>      Stan Mallison<br>      Attorneys for Plaintiffs |
| Dated: January 18, 2006 | MARK TAMBLYN<br>KERSHAW CUTTER & RATINOFF LLP |
| | By: /s/ Mark Tamblyn<br>      Mark Tamblyn<br>      Attorneys for Plaintiffs |
| Dated: January 18, 2006 | MICHAEL GOLDBERG<br>MARC L. GODINO<br>GLANCY, BINKOW & GOLDBERG |
| | By: /s/ Marc L. Godino<br>      Marc L. Godino<br>      Attorneys for Plaintiffs |
| Dated: January 18, 2006 | SETH LESSER<br>THE LOCKS LAW FIRM |
| | By: /s/ Seth Lesser<br>      Seth Lesser<br>      Attorneys for Plaintiffs |
| Dated: January 18, 2006 | PAUL WEISS<br>FREED & WEISS LLP |
| | By: /s/ Paul Weiss<br>      Paul Weiss<br>      Attorneys for Plaintiffs |

7

**PRETRIAL ORDER NO. 1**
Master File No. C-05-03774-RMW

| | | |
|---|---|---|
| 1 | Dated: January 18, 2006 | BRAD LAKIN<br>THE LAKIN LAW FIRM |
| 2 | | |
| 3 | | By: /s/ Brad Lakin |
| 4 | | Brad Lakin<br>Attorneys for Plaintiffs |
| 5 | Dated: January 18, 2006 | ROBERT GREEN<br>GREEN WELLING LLP |
| 6 | | |
| 7 | | |
| 8 | | By: /s/ Robert Green |
| 9 | | Robert Green<br>Attorneys for Plaintiffs |
| 10 | Dated: January 18, 2006 | RONEN SARRAF<br>SARRAF GENTILE LLP |
| 11 | | |
| 12 | | By: /s/ Ronen Sarraf |
| 13 | | Ronen Sarraf<br>Attorneys for Plaintiffs |
| 14 | Dated: January 18, 2006 | PENELOPE A. PREOVOLOS<br>LORI A. SCHECHTER<br>ROGER E. COLLANTON<br>MORRISON & FOERSTER LLP |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | By: /s/ Lori A. Schechter |
| 19 | | Lori A. Schechter<br>Attorneys for Defendant<br>PALM, INC. |

**IT IS SO ORDERED.**

Dated: January  25 , 2006            /S/ RONALD M. WHYTE
                                     The Honorable Ronald M. Whyte
                                     UNITED STATES DISTRICT JUDGE

8

**PRETRIAL ORDER NO. 1**
**Master File No.** C-05-03774-RMW